Eric G. Lasker (Admitted *Pro Hac Vice*)
Matthew J. Malinowski (Admitted *Pro Hac Vice*)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
elasker@hollingsworthllp.com
mmalinowski@hollingsworthllp.com

Steve R. Lowenthal (State Bar No. 104655)
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 18th Floor
San Francisco, CA 94104
Telephone:   (415) 954-4400
Facsimile:    (202) 954-4490
slowenthal@fbm.com

Attorneys for PaintCare, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENCYCLE PAINT, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PAINTCARE, INC., a Delaware corporation; CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.; a Massachusetts corporation; STERICYCLE ENVIRONMENTAL SOLUTIONS, INC., a Delaware corporation; and DOES 1-10,<br><br>Defendants. | Case No. 15-cv-04059-MEJ<br><br>Hon. Maria-Elena James<br><br>**PAINTCARE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY CASE MANAGEMENT ORDER**<br><br>Date:          April 26, 2018<br>Time:         10:00 a.m.<br>Courtroom:  B-15th Floor<br><br>Action filed:   August 4, 2015<br>Removed:      September 4, 2015<br>Trial Date:     October 29, 2018 |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

I. INTRODUCTION .............................................................................................................1

II. STATEMENT OF FACTS ................................................................................................1

III. ARGUMENT .....................................................................................................................5

    A. GreenCycle's Claims Do Not Show Good Cause for Granting Its Motion ..........6

    B. GreenCycle Has Not Acted Diligently in Pursuing Discovery.............................7

    C. GreenCycle's Dishonest Conduct Should Bar Any Equitable Relief ...................8

    D. Amending the Scheduling Order is Prejudicial to PaintCare................................8

CONCLUSION..................................................................................................................................9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Johnson v, Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ....................................................................................5, 6

*Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*,
   324 U.S. 806 (1945)..........................................................................................................8

*Solomon v. North American Life Ins. & Cas.*,
   151 F.3d 1332 (9th Cir. 1998) .........................................................................................9

*Zivkovic v. Southern California Edison Co.*,
   302 F.3d 1080 (9th Cir. 2002) .........................................................................................7

**Other Authorities**

Fed. R. Civ. Pro. 16(b)(4) ......................................................................................................5

**PRELIMINARY STATEMENT**

Defendant PaintCare, Inc. ("PaintCare") submits the following memorandum of points of authorities in opposition to plaintiff GreenCycle Paint, Inc.'s ("GreenCycle") Motion to Modify Case Management Order ("Motion").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

GreenCycle's Motion should be denied because GreenCycle has not satisfied the minimal requirements for securing the relief requested. GreenCycle has not met its burden to show good cause for seeking modification of this Court's scheduling order, nor can it show that PaintCare will not be prejudiced by this late amendment. Additionally, GreenCycle's failure to produce its CEO's handwritten notes until weeks *after* his deposition further serves as a bar to the relief sought.

**II.   STATEMENT OF FACTS**

**GreenCycle's Delay in Agreeing to Search Terms**

PaintCare sent GreenCycle a proposed list of search terms for culling electronically stored information on July 18, 2017.[1] A few days later, on July 21, 2017, the parties held their first meet and confer call to discuss discovery-related issues, during which counsel for PaintCare identified the relevant document custodians whose e-mail would be searched for potentially responsive documents.[2]

On August 7, 2017, counsel for PaintCare sent an email to GreenCycle's counsel informing plaintiff that an initial collection of e-mail documents from the relevant document custodians returned "an extremely large amount of data," specifically, 90.1 GB.[3] As a result, PaintCare informed GreenCycle that the parties will "need to come to some agreement on

---

[1] Brandt Declaration (Doc. No. 116) at ¶ 4.
[2] Omidi e-mail (July 21, 2017 05:37 PM EST) (Ex. 1).
[3] Malinowski to Omidi e-mail (Aug 7, 2017 07:20 AM EST) (Ex. 2).

appropriate search terms to narrow our document collection/production efforts."[4] PaintCare also re-sent its list of proposed search terms. In response to PaintCare's suggestion to narrow search terms in order to more efficiently move discovery forward, counsel for GreenCycle refused, stating: "I'll tell you that the terms you've proposed appear to be far too narrow – especially if you are only collecting and searching ESI created or generated between April 1, 2012 and August 4, 2015."[5] Two days later, counsel for PaintCare replied, and informed GreenCycle that the date plaintiff filed its initial complaint in 2015 was a reasonable cut-off date given the "overwhelming volume of data between 2015 and now."[6] Counsel also explained that the total size of PaintCare's Box data was about 1.5 terabytes, which was between 4 million and 14 million pages of documents[7] (as compared to the volume of plaintiffs' production of a total of 14,489 pages). Noting the voluminous amount of documents, counsel for PaintCare again implored GreenCycle: "[t]his is why we obviously need search terms."[8] Counsel for PaintCare concluded by asking GreenCycle to "[p]lease make a counter-proposal on terms you think more appropriate, or how you might like to phase the collection…."[9]

The parties held their second meet and confer conference call regarding discovery-related issues on August 22, 2017, twelve days after PaintCare requested a counter-proposal on search terms.[10] By September 12, 2017, nearly a month after PaintCare requested that GreenCycle provide a counter-proposal on search terms, GreenCycle had still neglected to do so.[11] Counsel again implored GreenCycle to submit proposed terms, specifically asking for GreenCycle to

---

[4] *Id.*
[5] Omidi to Malinowski e-mail (Aug 8, 2017 07:30 PM EST) (Ex.3).
[6] Malinowski to Omidi e-mail (Aug 10, 2017 01:36 PM EST) (Ex.4).
[7] *Id.*
[8] Malinowski to Omidi e-mail (Aug 10, 2017 01:36 PM EST) (Ex.4).
[9] *Id.*
[10] Brandt e-mail (Aug. 22, 2017 03:07 PM EST) (Ex. 5).
[11] Malinowski to Brandt e-mail (September 12, 2017 03:37 PM EST) (Ex. 6).

HOLLINGSWORTH LLP
1350 I STREET, NW
WASHINGTON, DC 20005

1   "[p]lease provide your suggested terms so we can get on with discovery."[12] This followed a

2   similar request made six days earlier.[13] Finally, on September 14, 2017, one month and four

3   days after PaintCare's initial request, GreenCycle provided its list of proposed search terms.[14]

4       Upon receipt of GreenCycle's list of proposed search terms, PaintCare discovered that

5   the terms returned a disproportionally large and unworkable volume of documents.[15]

6   Specifically, plaintiff's suggested list returned "hits" on nearly 70% of all possible e-mails, with

7   a total page count between 2 million and 3 million pages.[16] PaintCare informed plaintiffs that

8   "we should be able to easily agree to eliminate these types of out of context overbroad terms and

9   focus in on the documents that are truly relevant to this case."[17] In response, the parties held a

10  third meet and confer conference call on October 6, 2017 to discuss further culling down the

11  document production.[18] Finally, after the call on October 6, 2017, GreenCycle reached an

12  agreement with PaintCare on an acceptable set of search terms.[19]

13  **PaintCare's Multiple Productions**

14      Pursuant to agreement by the parties, PaintCare produced documents to GreenCycle on a

15  rolling basis.[20] In total, PaintCare has produced approximately 208,801 pages of documents.

16  PaintCare's production of documents is as follows:

17      **November 8, 2017:** 37,657 pages of documents produced to GreenCycle.

18      **November 27, 2017:** 75,316 pages of documents produced to GreenCycle.

19      **January 11, 2018:** 12,112 pages of documents produced to GreenCycle.

---

[12] *Id.*

[13] *See* Malinowski to Brandt e-mail (September 6, 2017 10:22 AM EST) (Ex. 7).

[14] Brandt to Malinowski e-mail (September 14, 2017 01:27 PM EST) (Ex. 8).

[15] *See* Malinowski to Brandt e-mail (September 27, 2017 11:06 AM EST) (Ex. 9).

[16] *See id.*

[17] *Id.*

[18] Malinowski to Brandt e-mail (September 28, 2017 8:05 AM EST) (Ex. 10).

[19] *See* Brandt to Malinowski e-mail (October 6, 2017 2:42 PM EST) (Ex. 11).

[20] Brandt Declaration (ECF No. 116) at ¶ 5.

HOLLINGSWORTH LLP
1350 I STREET, NW
WASHINGTON, DC 20005

**February 9, 2018:** 27,457 pages of documents produced to GreenCycle.

**March 5, 2018:** 308 pages of documents produced to GreenCycle.

**March 9, 2018:** 55,951 pages of documents produced to GreenCycle.

In December 2017, GreenCycle requested that PaintCare expand its production to include e-mails from three additional custodians.[21] PaintCare agreed to process GreenCycle's request, despite the fact that it included thousands more e-mails that required review and production.[22]

Plaintiff complains that the March 5th and March 9th productions have somehow prejudiced their ability to prepare for the depositions of PaintCare employees Marjaneh Zarrehparvar (on March 27th) and Fred Gabriel (on March 29th).[23] But those productions, the majority of which included documents that required additional review and processing for potential privilege redactions, have negligible if any relevance to Ms. Zarrehparvar's and Mr. Gabriel's depositions. For example, the 152,542 pages produced by PaintCare from November 8, 2017 through February 9, 2018 included 19,235 documents from Ms. Zarrehparvar and 5,868 documents from Mr. Gabriel. Conversely, the March 5th and March 9th productions included only 2,808 and 467 documents from those witnesses, respectively. And plaintiffs still had over two weeks between that last production on March 9th and the March 27th and March 29th depositions to review the documents for information that they might want to use at those depositions. Thus, plaintiff was not prejudiced in its ability to prepare for those depositions or in any other way by PaintCare's March 2018 productions.

**GreenCycle's withholding of Relevant Documents**

During the January 31, 2018 deposition of Alan Beilke, owner and CEO of GreenCycle Paint, Inc., it became clear from Mr. Beilke's repeated references to mysterious hand-written notes that GreenCycle had not produced relevant documents prior to the deposition.[24]

---

[21] *See* Brandt to Malinowski and Madden e-mail (December 18, 2017 12:46 PM EST) (Ex. 12).
[22] *See* Malinowski to Brandt e-mail (January 02, 2018 10:50 AM EST). (Ex. 13).
[23] Pl. Mot. To Modify Case Management Order . 3, (ECF No. 115).
[24] (Beilke Dep. Tr. at: 54:10-55:23) (Ex.14).

1  Specifically, Mr. Beilke referenced his hand-written notes six different times during testimony
2  on numerous different topics.[25]  Mr. Beilke testified that he had turned the documents over to
3  plaintiffs' counsel well before the deposition.[26]  Counsel for PaintCare confirmed that the other
4  defendants had not received the documents and indicated that the omission may require follow
5  up.[27]  The documents in question were not produced to PaintCare until February 26, 2018, nearly
6  five weeks after the deposition for Mr. Beilke concluded.[28]

7  **III.    ARGUMENT**

8  Based on GreenCycle's conduct its motion should be denied in its entirety.  Once a court
9  has issued a case management order, the order "may be modified *only* for good cause and with
10 the judge's consent."[29]  The good cause standard under Rule 16(b) "primarily considers the
11 diligence of the party seeking the amendment," and "[i]f that party was not diligent, the inquiry
12 should end."[30]  Despite claiming it is unable to comply with the current discovery schedule,
13 GreenCycle has not offered any evidence to show it has been diligent in attempting to maintain
14 the schedule.  For this reason alone, GreenCycle cannot show good cause exists.  Mistaking the
15 "diligence" inquiry under Rule 16(b) for that of general diligence in conducting discovery,
16 GreenCycle argues that good cause exists because it "exercised diligence in pursuing
17 discovery…."[31]  But this blanket assertion is untrue in any event considering that GreenCycle's

---

[25] (Beilke Dep. Tr. at 47:12-17) (Ex. 14) (regarding when GreenCycle Paint began operating); (Beilke Dep. Tr. at 100:20-24) (Ex. 14) (regarding who Mr. Bielke purchased equipment for GreenCycle Paint from); (Beilke Dep. Tr. at 116:25-117:13) (Ex. 14) (regarding GreenCycle's use of a Vorti-Siv filter to purportedly gain advantage in the recycling market); (Beilke Dep. Tr. at 129:13-130:1) (Ex.14) (regarding how much ReStore was charging for recycled paint); (Beilke Dep. Tr. at 211:10-19) (Ex. 14) (regarding when Environmental Logistics employee, Marcial Barragan, visited and audited GreenCycle Paint's facility); (Beilke Dep. Tr. at 409:10-15) (Ex. 14) (regarding how much Amazon Recycled Paint was charging for paint).

[26] (Beilke Dep. Tr. at 55:24-56:10) (Ex. 14).

[27] (Beilke Dep. Tr. at 54:14-24) (Ex. 14).

[28] (Letter From Wendel Rosen date 2/22/18; HLLP Received in mail 2/26/18). (Ex. 15).

[29] Fed. R. Civ. Pro. 16(b)(4) (emphasis added); *see also Johnson v, Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

[30] *Johnson*, 975 F.2d at 609.

[31] Plf's Mot. 3, ECF No. 115.

1  continued refusal to agree to reasonable search terms caused significant and needless delay in the
2  discovery process.  Moreover, amending the pretrial schedule is not appropriate in this case, as
3  GreenCycle's withholding of relevant documents precludes GreenCycle from any equitable relief
4  before this court, and any extension of the discovery period would materially prejudice
5  PaintCare.

### A.     GreenCycle's Claims Do Not Show Good Cause for Granting Its Motion

GreenCycle's claim that it could not review the documents from PaintCare's fifth production prior to the depositions of PaintCare witnesses is meritless, and GreenCycle has made no effort to explain why it could not accomplish such a review in the weeks between the March 9, 2018 production and the March 27th and March 29th depositions.  Nor has GreenCycle offered any insight into the progress it made in reviewing said documents.  Under the good cause standard, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met *despite the diligence* of the party seeking the extension.'"[32]  GreenCycle has not provided any evidence in support of its claim that reviewing documents it had in its possession since March 9, 2018, was impossible, despite a diligent effort to do so.[33]  Rather, GreenCycle leaves it to this Court to assume, with no factual support, that it is not possible for a legal team with multiple attorneys and ample resources from two large law firms in Oakland, California and Washington, D.C. to review roughly 3500 potentially relevant documents from two different custodians over the course of more than two weeks leading up to their depositions.

In bringing this motion, GreenCycle also ignores the fact that it has possessed over 150,000 PaintCare-produced documents since February 9, 2018, well before the depositions of PaintCare witnesses or the deadline for discovery.  GreenCycle does not explain why PaintCare's previous productions were insufficient to facilitate deposing the witnesses in question.

---

[32] *See Johnson*, 975 F.2d at 609 (citing Wright Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) for proposition that "'good cause' means scheduling deadlines *cannot be met despite party's diligence*.") (emphasis added).

[33] *See id.*

1    Moreover, GreenCycle has not presented a single fact suggesting that PaintCare's sixth
2    production contains more probative or relevant information than all of the previous productions.
3    In fact, it appears that GreenCycle did not even conducted a cursory review in an attempt to
4    make such a determination, as this would have revealed that less than six percent of the
5    production consisted of documents from Fred Gabriel or Marjaneh Zarrehparvar .  When "the
6    moving party fails to show diligence, the inquiry should end."[34]  Therefore, GreenCycle's
7    Motion should be denied.

8    **B.    GreenCycle Has Not Acted Diligently in Pursuing Discovery**

9    GreenCycle is not entitled to the relief it seeks because GreenCycle's own actions have
10   caused significant delays and the need to cram multiple depositions into the last few days before
11   the discovery deadline.  All of the parties knew for over eight months that April 10, 2018 was the
12   Court's deadline for completing both fact and expert discovery,[35] but plaintiffs did not even
13   begin asking for available deposition dates until less than two months before that deadline.  From
14   the beginning of discovery, GreenCycle consistently delayed timely discovery by ignoring
15   PaintCare's requests for GreenCycle's proposed search terms.  Rather than agree to reasonable
16   terms, tailored to locate relevant documents, GreenCycle insisted on overly-broad and
17   disproportionate terms that would have forced PaintCare to review and produce nearly every
18   document and source of electronic information within its custody regardless of its lack of
19   relevance to this case.  This necessitated additional negotiation between the parties, and thus
20   caused more delay.  GreenCycle then waited until mid-December 2018, almost two months after
21   search terms and custodians had been agreed to, to demand the inclusion of documents from
22   additional custodians.  Despite the fact that there was little, if any, basis to suspect these
23   additional custodians possessed relevant documents, PaintCare agreed to conduct a search, which
24   increased the amount of time and resources required to complete PaintCare's production.

---

[34] *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).
[35] Order Vacating CMC Case Management Order, May 15, 2017 (ECF No. 83).

### C. GreenCycle's Post-Deposition Production Should Bar Any Equitable Relief

GreenCycle's failure to produce relevant documents to PaintCare prior to the deposition of Alan Beilke forecloses GreenCycle from being entitled to the equitable relief sought in its Motion. "'He who comes in equity must come with clean hands.' This maxim is far more than a mere banality. It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief …."[36] GreenCycle brings this Motion under the guise that it has not had enough time to review all of PaintCare's documents produced in this litigation, prior to witness depositions. But GreenCycle failed to produce Mr. Beilke's handwritten notes—which he specifically referenced numerous times in his deposition as something he would need to review in order to answer certain questions—until weeks after his deposition concluded.[37] Despite the fact that GreenCycle's omission was discovered early in Mr. Beilke's deposition,[38] GreenCycle's lawyers failed to locate or turn over the notes during any of the breaks or at the conclusion of the first day of testimony. GreenCycle therefore has unclean hands and is precluded from obtaining any equitable relief before this Court on this issue.[39]

### D. Amending the Scheduling Order is Prejudicial to PaintCare

GreenCycle summarily declares that PaintCare will not be prejudiced by an extension of the discovery deadline, and subsequently the deadline to file dispositive motions, as well as the resulting delay in the hearing on dispositive motions. Although the deadline for discovery has not yet passed, delaying the proceedings in this case by extending the deadline will have the

---

[36] *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945).

[37] *See, e.g.,* Beilke Dep. Tr. at 53:25-54:4 (Ex. 14). (Mr. Bielke testified "from my experience in – just in business is I would keep notes of conversations that I tried to have or, you know, would write a – a date on a page and who I spoke to that day or what I did that day, kind of as an itinerary or an outline.").

[38] (Bielke Dep. Tr. at 54:14-16) (Ex.14). (9:48 AM).

[39] *See, e.g., Precision Instrument Mfg. Co.*, 324 U.S. 806, 814 (1945).

HOLLINGSWORTH LLP
1350 I STREET, NW
WASHINGTON, DC 20005

1  same prejudicial effect.[40]  Delaying the deadline and hearing on dispositive motions to extend

2  discovery in this case undeniably prolongs the proceedings, which will result in greater cost and

3  expense of resources for PaintCare.  PaintCare—a non-profit organization—has been expending

4  money and resources defending this litigation for over three years, and plaintiff's proposed

5  delays will unjustifiably increase its costs and delay the successful disposition of this case.

6      The records and depositions in this case underscore the frivolous nature of this lawsuit.

7  In two separate letters sent to counsel for GreenCycle, PaintCare has outlined extensively the

8  multitude of reasons why GreenCycle cannot meet its burden of proof in this case.[41]  This action

9  should never have been brought in the first place, and GreenCycle's attempt to delay dispositive

10  motions is merely a means to needlessly prolong this litigation, further prejudicing PaintCare.

## CONCLUSION

For all the foregoing reasons, PaintCare requests that this Court deny GreenCycle's Motion to Modify Case Management Order.

---

[40] *See Solomon v. North American Life Ins. & Cas.*, 151 F.3d 1332, 1339 (9th Cir. 1998) (holding that a motion on the eve of discovery deadline was properly denied because it would have required reopening discovery, thus delaying proceedings).

[41] *See* Letter from Matthew J. Malinowski, counsel for PaintCare, to Greggory C. Brandt, counsel for GreenCycle (Feb. 16, 2018) (Ex. 16); Letter from Matthew J. Malinowski, counsel for PaintCare, to Greggory C. Brandt, counsel for GreenCycle (March 14, 2018) (Ex. 17).

HOLLINGSWORTH LLP
1350 I STREET, NW
WASHINGTON, DC  20005

|   |   |
|---|---|
| | Respectfully submitted, |

Dated:     March 29, 2018

By:     /s/ Matthew J. Malinowski

Matthew J. Malinowski (Admitted *Pro Hac Vice*)
Attorneys for PaintCare, Inc.

Eric G. Lasker (Admitted *Pro Hac Vice*)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone:     (202) 898-5800
Facsimile:     (202) 682-1639
elasker@hollingsworthllp.com
mmalinowski@hollingsworthllp.com

Steve R. Lowenthal (State Bar No. 104655)
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 18th Floor
San Francisco, CA 94104
Telephone:     (415) 954-4400
Facsimile:     (202) 954-4490
slowenthal@fbm.com

# CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2018, a true and copy of the foregoing was served upon the following by operation of the Court's Electronic Case Filing System.

| | |
|---|---|
| Gregory C. Brandt<br>WENDEL, ROSEN, BLACK & DEAN LLP<br>111 Broadway, 24th Floor<br>Oakland, CA   94607-4036<br>Telephone: (510) 834-6600<br>Facsimile:  (510) 834-1928<br>Email: gbrandt@wendel.com | Attorneys for Plaintiff<br>GREENCYCLE PAINT, Inc. |
| Raymond J. Etcheverry<br>Cory D. Sinclair<br>PARSONS, BEHLE & LATIMER<br>One Utah Center 201 South Main Street, Suite 1800<br>Salt Lake City , UT  84145<br>Telephone: (801)-532-1234<br>Facsimile:  (801)-536-6111<br>Email: Ecf@parsonsbehle.com | Attorneys for Defendant<br>STERICYCLE ENVIRONMENTAL SOLUTIONS, Inc. |
| Matthew Schechter<br>MCMANIS FAULKNER<br>50 West San Fernando Street, 10th Floor<br>San Jose , CA  95113<br>408 279-8700<br>Email: Mschechter@mcmanislaw.com | Attorneys for Defendant<br>STERICYCLE ENVIRONMENTAL SOLUTIONS, Inc. |
| Thomas M. Downey<br>Rohit A. Sabnis<br>BURNHAM BROWN<br>1901 Harrison Street, 14th Floor<br>Oakland , CA  94612-3501<br>Telephone: (510) 444-6800<br> Facsimile:  (510) 835-6666<br> Email: Rsabnis@burnhambrown.Com<br> Email: Tdowney@burnhambrown.Com | Attorneys for Defendant<br>CLEAN HARBORS SERVICES, INC. |

/s/ Matthew J. Malinowski

Matthew J. Malinowski
Attorneys for PaintCare, Inc.

HOLLINGSWORTH LLP
1350 I STREET, NW
WASHINGTON, DC  20005